Good morning, Your Honors. John Lennon for Appellant Rudy Rupak. May it please the Court, if I could reserve three minutes for rebuttal, please. March o'clock, please. This Court has held consistently that the integrity of the criminal justice system depends upon the government's strict compliance with its plea agreements. It has also held that the root of the Sixth Amendment guarantee is that a criminal defendant has the absolute right to change his retained counsel for any reason or for no reason. Here, the government repeatedly breached Mr. Rupak's plea agreement, and the District Court arbitrarily denied Mr. Rupak the retained counsel of his choice before his sentencing hearing. Ultimately, Mr. Rupak was convicted and sentenced for a crime for which there simply is no record of evidence. I'd actually like you to turn to that last argument. Okay. The question as to whether commercial bribery satisfies the inquiry here. I think it's very straightforward. California's commercial bribery statute requires a quid pro quo. There is none of that anywhere in, first of all, if we go back to the plea agreement itself, it identifies the California statute. Why did counsel agree to this? I did not represent Mr. Rupak at the time the plea agreement was fleshed out. I expect or I believe there was probably some horse trading going back and forth. I really don't know. But at the end of the day... I mean, I'll give you my characterization, counsel, because I'd be interested in your impressions. Your client's accused of a very, very serious crime, and there's a lot of good evidence to suggest that he was engaging in fraud. He was looking at 10 years under the maximum of five. He got 24 months. He was unhappy with that because he wanted 18 months of home confinement instead of 24 months in jail. That's a very, very good deal for your client. And if he wins today, the congratulations is that he can be recharged for a 10-year fraud sentence, and that it also has very serious immigration consequences for him. So I'm just wondering why he wants to win here today on this. Your Honor, I think that's a good question. First of all, I would say I don't know exactly what the guidelines look like if Mr. Rupak is permitted to withdraw his plea and is indicted again for fraud. I don't know that he's looking at 10 years, but I... Well, that's the maximum. I believe that's the maximum under the statute. I think it's probably greater than that, frankly. But I don't disagree with your point. As far as immigration goes, he does want to keep his status in the United States. And he thought that getting the lower sentence would aid him in that. There was some discussion about that before the district court. I believe so. And I'm not an immigration attorney, but I think that with the sentence that he has now, he would end up being deported automatically. That's my understanding. That wasn't the understanding of counsel at the time. There was some question. But if he gets a greater sentence under a wire fraud statute or something, then he probably has no chance at all. Well, I think the issue was under... Perhaps under the charge he pled guilty to, or that he pleaded guilty to, rather, had his sentence been lower, he would have been eligible for relief. But it wasn't. But in any event, the simple fact of the matter is he pleaded guilty to an offense that there's no evidence to support. There has to be... I mean, it's a bribery statute. There has to be a quid pro quo. Had he accepted something of value in exchange for doing favors that his employer didn't know about, that would be bribery. But if we go back to the plea agreement, which does not actually set out the elements of California bribery, it simply says bribery and then buttresses that with two pages of alleged fraud. That is simply not... There's simply no evidence to support bribery here. Well, who's the employer in this context? Well, Mr. Rupak owned his own Planet Hospital business. So under this statute, is he accused of, or convicted of, defrauding himself? Well, I think that's basically the government's argument as to how he could come within the purview of the California commercial bribery statute. But that's a good point. Again, I keep repeating myself, but there's just not... Was he the sole owner of the Planet Hospital? The Planet Hospital. I believe he was. And then there was another agency called My Donor Cycle that was somehow related. But again, at the end of the day, there was no quid pro quo. So with that, I think that the fact that he's convicted of something he simply didn't do, it dictates the remedy here. I know there's been some question as to what relief a defendant is entitled to when there's been a breach. Wait, is it convicted of something he didn't do, or is it that the factual basis that he attested to wasn't sufficient for the district court to accept the plea agreement? I think it's both. There simply isn't any evidence of bribery anywhere in this record. None. There's evidence of fraud. Well, I could see why someone might plead to something they didn't do to get a lesser sentence, but there's the independent obligation of the district court to find that there was an adequate factual basis for the plea. Right. And that's what the Fifth Circuit said in Trejo, is that this isn't something that's waivable because you have a criminal defendant who is not schooled in the law, doesn't necessarily know whether what he's done constitutes the offense that's been charged or the offense that he's pleading guilty to. That's why it's not something that can be waived, and the district court is ultimately the gatekeeper for this. And here, this plea agreement and conviction simply slipped through. It's a very odd situation because the magistrate went through the plea agreement very carefully and went through all the allegations, and your client responded, yes, yes, yes, and I plead guilty. And I agree with you, the bottom line of commercial bribery just doesn't seem to fit the description of what he did. That's true, and I would add to that, Your Honor, that although the magistrate judge did go, did ask Mr. Rupak if he wanted to plead guilty, and they took some breaks to talk about it, she never set out what bribery is. She never addressed the actual elements of commercial bribery in the California law. I think somebody actually did read part of the California statute. They didn't read the definition part. Right. And that sets out some additional detail. Right. They threw out the label bribery, and then they backed that up with fraud. But I see that I'm down to three minutes, so. Was this, so this error, was it waived? You can't waive it, you're saying? It's not waivable, at least as far as the Fifth Circuit is concerned. And under this Court's case law, it's an illegal, you can't waive an illegal sentence, and this is simply an illegal sentence because there's no evidence supporting the offense of conviction. Well, why don't you save the remainder of your time, and let's hear from the government. Thank you. Good morning. May it please the Court, Nicole Reese Fox, behalf of the United States. I'd like to clarify how the factual basis here fits the element of the California commercial bribery statute. As it's set out, Mr. Ruppach is not the employer under the statute, but the employee, because the statute specifically includes an agent within the definition of employee. And in the factual basis, in paragraphs 11 and 12, he admitted that he was acting as an agent for my donor cycle. So as the agent slash employee, he was defrauding my donor cycle, his employer, under the terms of the statute. And so this is not a question of there's no employment relationship. Was he defrauding the company, or was he defrauding the people who wanted to have medical operations facilitated? Both. So how was he defrauding his company? So he's not defrauding his company. My donor cycle is a different company owned by a different person. And they entered into a business relationship where he said, I'm going to get the clients, I'll get the money from the clients, and I will give you the money that you need for the egg donation. And what he did instead was took money from clients and didn't pass that along to my donor cycle. That's clearly fraud. How is that bribery? Under the terms of the California statute. I'm looking at the statute. Why don't you go through it with me? So I would welcome the opportunity to walk you through it. So any employee, which includes agent, so that's Mr. Rupak, he solicited something of value. So he solicited from these clients their money from a person other than his or her employer. Those clients are not my donor cycle. Corruptly and without the knowledge or consent of the employer. He's making promises to these clients that my donor cycle doesn't even know exist at the time he's making the promises. Give me your money, I'm going to put it in an escrow account. Say $20,000 of that is going to go to my donor cycle for the egg. And I'm going to make the rest of it happen. In return for using or agreeing to use his or her position for the benefit of that other person? For the benefit of those clients, me, Mr. Rupak, who has this relationship with my donor cycle, I'm going to get you that donor egg. And I'm going to give them the portion of your money needed to get that egg, and then I'm going to transfer it to Mexico where it's going to then result in a surrogacy implantation. So all of the elements are met. And to the extent that you just went through it and I don't understand it. I understand it's unusual. Unusual is a little bit of an understatement. Absolutely. I just don't see the bribery. Well, the argument that has been raised on appeal is that the facts don't conform with these elements. This idea that in addition to these elements there's required a quid pro quo, that's an argument that was raised for the first time in the reply brief. Right. So we're on plain error. Absolutely. And Mr. Lemon has cited not a single case in California or otherwise that says commercial bribery under this California statute requires a quid pro quo. Well, all of the California cases that I looked at looked like pretty traditional bribery. Absolutely. I did too. I agree this is unusual. But on plain error, there's no case law that says that this commercial bribery statute requires a quid pro quo. And so I think this court could readily find that maybe there's error. That would be down in the definition of corruptly, which is D3 under the statute. Yes. And my understanding from reading the California case law. He or she offers, gives, or agrees to give the money or a thing of value. Yes. And corruptly under California case law, again, this is not in the briefs, but my review of that corruptly means with an intent to defraud the employer. So he's intending to defraud my donor cycle, and the PSR is replete with sites of instances in which he took money from clients and didn't pass it on to my donor cycle. So he did defraud my donor cycle. He had the intent to defraud. So it's a weird statute because it feels like fraud. It's called bribery. And we would just submit that under the plain error standard, it is not plainly erroneous for him to have pled. And under plain error, of course, there's also prongs three and four when you're asking whether this defends substantial rights. Do you have corruptly in front of you? Do you have that statute? Okay. So corruptly means that the person specifically intends to injure or defraud, A, his or her employer. Yes. Where's the fraud on my donor cycle? There's a lot of fraud on my donor cycle because Mr. Rupak is taking money from clients and getting eggs from my donor cycle and not passing the money on. But is donor cycle his employer? He's acting as an agent. For purposes of this scheme, as alleged, he is acting as an agent. He admitted specifically in the plea agreement, defendant acting as an agent for my donor cycle. That's at ER 33. Acting as an agent. So he admitted, I'm acting as an agent because I'm going out and telling them, I'm going to get you the egg from my donor cycle. He's not telling my donor cycle about all of these promises that he's making the clients to induce them to part with their money. And then he's not passing the funds on directly to my donor cycle. That's all laid out in the factual basis. And I would submit that under plain error, there is not plainly erroneous for Mr. Rupak to have agreed to this. And as Judge Bybee started this argument by noting, the whole reason this is unusual is because this was a heavily bargained for agreement. And what is he looking at if we were to upset this plea agreement? We would take the case to trial on wire fraud. He's facing a 20-year statutory maximum. The guidelines that we sort of estimated at the beginning of the case, I went back and looked at the prosecutor's notes, and he estimated a 57 to 71-month guideline. Because remember, now we're including the entire loss amount. We're not limiting it to this one client and this one fraud. And now you're fairly confident you've got greater loss amounts than you had when you negotiated this. Absolutely. Because you're up to at least $750,000. Yes. So under plain error review, when we're talking about this, I mean, wasn't there a better statute you could have used? Not that Mr. Rupak was willing to plead to, because he wanted to plead to something that was not fraud, and that if he received a sentence of one year or less, would not make him automatically an aggravated felon. That was the sticking point all along. And so this was negotiated between his attorney and the prosecutor. He went to court. He pled guilty to it. And it wasn't until he was facing sort of this sentence that was higher than he had hoped and realized that he probably wasn't going to get a year probation that he decided he wanted a new lawyer and wanted out of the thing altogether. And this Court's case law has repeatedly recognized that that's not how this is supposed to work. So I would submit. Usually in a bribery conviction, you've got two parties. Yes. And there's only one here that can be charged. You don't have two parties here. Yes. Nobody has any other clue that they're bribing somebody. That's the quid pro quo element that Mr. Lemon has not cited any California law to say that this bribery statute requires that typical element of bribery. And under plain error, I don't think that there's case law to show that that is plainly erroneous. So you could have somebody who was simply cooking some books that you would ordinarily think of as being embezzlement. Would that fit under this statute because you're defrauding your employer under that first definition? If you're taking something of value from somebody without telling your employer what you're doing. Right. And then just simply pocketing it. That would be embezzlement. Yes. And it would also fit under commercial bribery in California? It would depend on the facts. It would depend on if they're acting as an agent or an employee when they make the solicitation. But, yes, I don't see why that set of facts that Your Honor has laid out would be plainly erroneous under the case law that we've been provided and that we've been able to find to apply this statute. A car salesman who says, give me $10,000, I can get you a good deal on a car, and then pockets the money and absconds, you can get him under commercial bribery for defrauding his employer. It's possible. It's possible that that could be set out. I don't think that the defendant has met his burden of showing plain error. And to the extent the Court is still uncomfortable with that, we have the substantial rights prong and prong four of plain error review.  So to say that it affects his substantial rights to plead guilty to something that he negotiated and agreed to plead guilty to I think sort of subverts the entire process and turns it on its head. Maybe this is better off in a 2254? 55. 55. I leave that to Mr. Ruppach and his counsel. I would just submit on that unless the Court has any further questions. All right, thank you. Thank you. With respect, the prosecutor says I didn't cite any cases with respect to the quid pro quo. I'm happy to 28J some, but the statute quite plainly says in return for using or agreeing to use his or her position for the benefit of that other person, and corruptly is a separate element of the offense, there has to be a quid pro quo. It's right there in the statute. As far as the substantial rights and the integrity of the proceedings, I keep beating this to death, but Mr. Ruppach. Counsel, did you raise this in your opening brief to us or just in the? No, I raised it in the opening brief. In response to the government's argument, I argued that there has to be a quid pro quo. The government argued in, yes, I raised this in my opening brief. The government argued in response that because he was an agent of my donor cycle, it brings him within the purview of the statute. My response to that is that there has to be a quid pro quo. So the reason this violates his substantial rights and affects the integrity of the proceedings is because he didn't do it, and he's maintaining his innocence. Right, but it's pretty clear it's very, very likely that he did do something else worse. I just want to make sure that your client is absolutely informed here. He is in very, very deep trouble if we undo this, and he got a very, very good deal here. My client has been thoroughly informed, but this is his position. Is he on bail or is he serving his sentence? He's on bail. He's on bond, and he wants to litigate this case. It goes back to the second issue, which is he wanted to change counsel before he was sentenced because he wanted to try to withdraw his plea. The district court, I didn't get a chance to address that today, but the district court denied him the retained counsel of his choice without any analysis. And all the while, the government is breaching his plea agreement over and over again, which ultimately resulted in a sentence that was 33 percent longer than the one the government agreed to recommend under the plea agreement. So Mr. Rupak has been prejudiced. This has affected the integrity of the proceedings. I appreciate your Honor's comments, and certainly we are aware that this could be out of the frying pan and into the fire. Thank you. All right. Thank you, counsel. U.S. v. Rupak is submitted.
judges: Fernandez, Wardlaw, Bybee